[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The applicant, Third Dunkin Donuts Realty, Inc. is the owner of property known as 1350 Whalley Avenue, New Haven. The applicant wishes to install a drive-in window and use its property for a drive-in establishment selling food for immediate consumption on and off its premises. Its property is located in a BA Zone within 250 feet of a residential use. The zoning ordinance of the City of New Haven allows drive-in windows in this zone when located within 250 feet of a residential use upon the granting of a special exception. The applicant has applied for and received such an exception.
The plaintiff Helene Battat objected to the granting of the special exception. Ms. Battat is the owner of property located at 1354 Whalley Avenue on which is located a commercial building. Ms. Battat's property abuts the property of the applicant. The Battat property is to the rear of the Dunkin Donut property so that it is necessary to cross the Dunkin Donut property from the commercial use on the Battat property to reach Whalley Avenue.
The Battat property has a 15 foot right-of-way commencing on the Northerly boundary of the Battat property and crossing the Westerly property of the Dunkin Donut's parking lot to Whalley Avenue. This right-of-way serves as a sole means of entering and exiting the Battat property.
The applicant's original application for the special exception was denied by the Board on April 11, 1985 with a waiver of right to reapply without waiting the normal waiting period. CT Page 2128 The reasons stated for that denial were that the plans submitted did not adequately set forth in detail the drive-thru window proposed particularly in relation to ingress and egress.
The applicant reapplied on May 19, 1995. At the second hearing the chairman stated that in denying the first application "[t]he board was very concerned about the configuration of the parking and in the way that the ingress and the entrance would be . . . . The second glaring point was the right-of-way." The chairman then asked "has that matter been taken care of." The applicant's attorney responded "the issue of the right-of-way has not been amicably resolved".
AGGRIEVEMENT
The evidence at trial supported the fact that the appellant's property abuts the property of the applicant and the appellant is found to be statutorily aggrieved.
ISSUES
1. Did the Zoning Board of Appeals of the City of New Haven act illegally, arbitrarily and in abuse of its legal discretion in granting a second application for a special exception filed shortly after the denial of the first where no change of circumstances intervened which materially affected the merits of the case?
2. Did the Zoning Board of Appeals act illegally, arbitrarily or in abuse of its discretion in granting an application for special exception which involves significant traffic issues without complying with the procedures mandated by § 63.E.2.(b) of the New Haven Zoning Ordinances?
3. Did the Zoning Board of Appeals of the City of New Haven act illegally, arbitrarily or in abuse of its legal discretion in granting an application for a special exception for a drive-in establishment where the proposed use was not in accordance with the public convenience and welfare because it posed a serious risk of injury to drivers exiting the plaintiff's right-of-way as well as to pedestrians and vehicle traffic?
DISCUSSION
The minutes of the Board of Appeals Meeting at which the CT Page 2129 application in question was granted were submitted as Exhibit S. A portion of those minutes reads as follows:
 "The plans submitted with the application clearly detail the drive-in window proposed, including one-way ingress and one-way egress landscaping, fencing, adequate reservoir of vehicle standing area, loading and parking spaces, pedestrian crosswalks, etc. . . . . The use as proposed provides for sufficient vehicle maneuverability, . . . to prevent backing up of vehicles, and minimize negative impact, if any, upon traffic patterns that may result from the drive-in window. It is further noted that the state has approved the applicant's traffic plan for the proposed use. Adequate parking and loading spaces are provided on site.
 Concerns were raised at the Public Hearing that the proposed use would encroach upon an existing right-of-way. However said plans and testimony as submitted by the applicant indicate otherwise. Moreover, the Board does not believe the Board of Zoning Appeals to be the proper forum for determining title, ownership, rights of interests of parties to real property."
It appears to be conceded that the applicant has a right-of-way which proceeds from her Northerly boundary in a Northerly direction across the applicant's property and exits the applicant's property through the applicant's entrance from Whalley Avenue. The substantial difference between the first application, which was disapproved, and the second application, which was approved, appears to be that the applicant's second plan shows the entrance onto its property as being one-way ingress only. The same plan in the middle of the applicant's property shows two-way traffic. The applicant admits that the entrance from Whalley Avenue will have one-way traffic for Dunkin Donuts and two-way traffic for the appellant's commercial property to the rear of Dunkin Donuts.
Because the first application showed ingress and egress through the same entrance, which created a traffic problem, and CT Page 2130 the second application shows ingress only, the court is satisfied that there is sufficient difference between the applications to allow a different result.
The court recognizes that cases such as Burr v. Rago,120 Conn. 287 (1935) and Rocchi v. Zoning Board of Appeals, 157 Conn. 106, (1968) stand for the proposition that as a general rule an administrative tribunal may not reverse itself unless there is a change in circumstances which materially effects the merits of the case. Nevertheless, in the instant case, the court is satisfied that the new restriction which would limit the entrance in question to ingress only, sufficiently distinguishes this application from the previous application so as to allow a change in decision.
The court agrees with the appellant that there is no showing that in acting upon the application the Zoning Board of Appeals had the benefit of a review by the Department of Traffic and Planning. However, the court notes that there is likewise no showing that such a review was not available at the time the decision was made. Perhaps more importantly, although the court recognizes that failure to make certain statutorily required referrals may invalidate land use agency action, the appellants here have cited no authority that the failure to follow local referral mandates requires per se reversal. Accordingly, particularly in view of the court's disposition of the traffic issue, the court refuses to remand because of possible noncompliance with § 63.E.2(b).
Section 63.D.3 of the Zoning Regulation reads as follows:
 "Special exception shall be granted only when the Board of Zoning Appeals finds that the proposed use or feature or the proposed extension or substantial alteration of an existing use or feature is in accord with the public convenience and necessity after taking into account, where appropriate; . . . . (b) the resulting traffic patterns and adequacy of proposed off-street parking and loading; . . ."
Section 45.A.4 must be considered by the Board in ruling upon this special exception application. Section 45.A.4 reads as follows: CT Page 2131
 "4. Free flow of traffic and protection of pedestrian areas: (a) access and egress shall be arranged for the free flow of vehicles at all times, so as to prevent the blocking or endangering of vehicular of pedestrian traffic through the stopping or standing of vehicles on sidewalks or streets. If a reservoir of vehicle standing area on the property is necessary to prevent such blocking of traffic, an adequate reservoir shall be provided."
The key finding in the City's approval of this permit appeared to be contained in the following language:
 "It is further noted that the state has approved the applicant's traffic plan for the proposed use. Adequate parking and loading spaces are provided on site.
 Concerns were voiced at the public hearing that the proposed used would encroach upon an existing right-of-way. However, said plans and testimony as submitted by the applicant indicates otherwise. Moreover, the Board does not believe the Board of Zoning Appeals to be the proper forum for determining title, ownership, rights or interest of parties to real property."
While the court agrees that the Board of Zoning Appeals is not the forum to settle real estate title disputes, it appears that in the instant case that there is no real estate title dispute. When the chairman at the second hearing inquired whether the right-of-way matter had been taken care of, the applicant's attorney responded "the issue of the right-of-way has not been amicably resolved". Although the applicant's engineer testified that he "met with the state traffic engineer, Mr. Lajoia who has approved the plans". The appellant's representative, Mr. Skolnick testified
 "I spoke with Mr. Lajoia two days ago. I spoke to his permit chief, who is Doug Novak and I spoke to Ernie Lajoia — Lajoia, I'm sorry and Ernie Lajoia says that in early May, Mr. Steinberg came into his place with CT Page 2132 preliminary discussions. This is what the man told me. With preliminary discussions. In the preliminary discussions, he told Steinberg that `this is strictly a preliminary discussion. You must get back to me, Mr. Steinberg, with a full set of plans with traffic and so forth.'" Record Exhibit M, p. 35, Line 16 to p. 36, Line 4.
In discussing the plaintiff's right-of-way the applicant's engineer, Mr. Steinberg made the following statement:
 "Now what he [the plaintiff's representative] has in his right-of-way is a very dangerous situation that the state has brought to my attention. And I can't, as a professional engineer, encourage exiting within the driveway where a car will be coming into it on that right lane, and therefore, a potential accident can occur. If I show it as a two-way system where — if you look on the plan, where if he exits his right-of-way and a car is turning in at that point there is a potential for serious accident there." Record Exhibit M page 33 lines 15-24.
The court is convinced from the evidence before it that the proposed entrance was not approved by the state but simply reviewed in concept. The court is further convinced that the proposal which would make the entrance one-way for Dunkin Donut traffic but two-way in respect to the right-of-way for the Battat property creates a dangerous situation so that the permit should not have been granted.
If there were a dispute between the parties with respect to the Battat right-of-way, if there were a claim made by the applicant that Battat's right-of-way didn't exist or that the applicant had some unilateral right to relocate it, then this court would be inclined to agree with the Board that it was not "the proper forum for determining title, ownership, rights or interests of parties to real property". However, there is no dispute as to rights in real property. There appears to be full agreement by all parties that the Battat property is entitled to the use of a right-of-way for ingress and egress through the entrance which is limited on the plan to ingress only. This, in CT Page 2133 the court's opinion, creates a traffic problem prohibited by the local regulation.
For the foregoing reasons this special exception is declared null and void and the appeal is sustained.
KEVIN E. BOOTH, JUDGE